**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| CHARLES JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-CV-634-GKF-FHM |
| ) | |
| T.D. WILLIAMSON, INC., ) | |
| ) | |
| Defendants. ) | |

**OPINION AND ORDER**

This matter comes before the Court on the Motion to Dismiss filed by defendant T.D. Williamson. [Document No. 8].

**I. Allegations**

Plaintiff Charles Johnson was employed as a forklift operator for defendant T.D. Williamson, Inc. On April 13, 2006, Johnson was involved in a workplace accident. At the time, defendant had a company policy requiring drug testing of any employee involved in such an accident. Johnson, who is black, alleges that no white employee in his division had ever been drug tested after an accident, even accidents more severe than the one in which Johnson was involved.

Johnson brings eight (8) claims against T.D. Williamson: (1) a Title VII hostile work environment claim; (2) a Title VII differential discipline claim; (3) a Title VII wrongful termination claim; (4) a Section 1981 differential discipline claim; (5) a Section 1981 wrongful termination claim; (6) a differential discipline claim under Oklahoma's Anti-Discrimination Act, 25 O.S. §§ 1101- 1901; (7) a wrongful termination claim under Oklahoma's Anti-Discrimination Act; and (8) a wrongful termination claim under Oklahoma common law. Defendant seeks dismissal of Johnson's Second, Fourth, Sixth, Seventh, and Eighth claims for failure to state a claim upon which relief can be granted.

After defendant filed the motion to dismiss, the Oklahoma Supreme Court issued an opinion in *Kruchowski v. Weyerhaeuser Co.*, 202 P.3d 144, 2008 OK 105. Defendant concedes in its reply brief that, in light of *Kruchowski*, Johnson "may be entitled to a [common law] public policy tort claim for wrongful termination under *Burk [v. K-Mart Corporation,* 770 P.2d 24 (Okla. 1989)] for alleged racial discrimination." The motion to dismiss is therefore denied with respect to plaintiff's Eighth claim.

## II.  Analysis

When deciding a motion to dismiss for failure to state a claim, "courts should look to specific allegations in the complaint to determine whether they plausibly support a claim for relief." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n. 2 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 1964-65 (2007)). For purposes of this analysis, courts must "accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Calderon v. Kansas Dept. of Social & Rehabilitative Services*, 181 F.3d 1180, 1183 (10th Cir. 1999); *see also Dill v. City of Edmond*, 155 F.3d 1193, 1201 (10th Cir. 1998).

### A.  Differential Discipline in Violation of Title VII and Section 1981

In his Second and Fourth Claims, Johnson alleges he was subjected to "differential discipline" in violation of Title VII and § 1983. Specifically, Johnson alleges he "was subject to a drug test due to a minor workplace violation[,]" Complaint, ¶¶ 37, 54, and that "similarly situated white employees of [defendant] were not subject to drug test[ing] for workplace accidents more severe than the one Plaintiff was involved in." *Id.* at ¶¶ 38, 55. In addition, Johnson alleged he "was denied the use of [defendant's] EAP," *id.* at ¶¶ 40, 57, even though "[s]imilarly situated white

2

employees of [defendant] were allowed to use [defendant's] EAP for conduct of comparable seriousness." *Id.* at ¶¶ 41, 58.

"In racial discrimination suits, the elements of a plaintiff's case are the same . . . whether that case is brought under . . . § 1981 . . . or Title VII." *Baca v. Sklar*, 398 F.3d 1210, 1218 n. 3 (10th Cir. 2005) (internal quotations and alterations omitted). To make out a prima facie case of discrimination, a plaintiff must demonstrate (1) membership in a protected class, (2) adverse employment action, and (3) disparate treatment among similarly situated employees." *Carney v. City & County of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008). Defendant argues that being subjected to a drug test in compliance with defendant's drug testing policy does not itself constitute "adverse employment action" potentially giving rise to liability under Title VII or § 1981.

Defendant cites *Dotson v. Gulf*, 2006 WL 44071, *9 (S.D. Tex.) for the proposition that "subjecting an employee to a drug test is not an adverse employment action." *Dotson* is inapposite insofar as that plaintiff passed the test, and therefore his employment status did not change. Here, however, Johnson alleges disparate treatment – that whites involved in workplace accidents were not subjected to drug testing – which resulted in the adverse employment action of termination.

Defendant cites *Young v. Chicago Transit Authority*, 189 F.Supp.2d 780 (N.D. Ill. 2002), for the proposition that "requiring that Plaintiff submit to a drug test was not an adverse employment action." In that case, however, the court decided on summary judgment that the plaintiff had presented no evidence that the defendant failed to follow its drug testing and policy procedures or applied them in a discriminatory manner. Here it remains to be seen whether Johnson can produce any evidence of disparate treatment.

In *Pierce-Daniels v. Potter*, 2003 WL 22532821 (N.D. Ill.), also cited by defendant, the court

held that the plaintiff could not make out a prima facie case of discrimination because her referral to the EAP was not an adverse employment action. Johnson's disparate treatment allegations are quite different. Johnson alleges disparate treatment insofar as white employees who engaged in comparably serious conduct were allowed use of the EAP instead of being drug tested, and were not terminated.

Finally, in *Wible v. Widnall*, 1998 WL 259892, *8 (D. Kan), also before the court on summary judgment, the judge assumed for purposes of his analysis "that the plaintiff had established a prima facie case of retaliation" *despite* having serious doubts whether directing plaintiff to the EAP was an adverse employment action. Judge Lungstrum therefore assumed that referral to the EAP was an adverse employment action. In any event, the alleged facts here are entirely different.

The argument and authorities submitted by counsel for defendant are insufficient to justify dismissal of Johnson's Second and Fourth Claims.

### B. The Oklahoma Anti-Discrimination Act

Defendant contends that Johnson has no private right of action under Oklahoma's Anti-Discrimination Act, which underlies Johnson's Sixth and Seventh Claims. Johnson argues that "[w]hile the OADA does not expressly provide for a private right of action for race discrimination, such a claim is now implied in the statute under *Saint v. Data Exchange, Inc.*, 145 P.3d 1037 (2006)."

In *Saint*, the Oklahoma Supreme Court recognized a common-law public policy tort claim "for those who allege employment age discrimination." *Id.* at 1039. In reaching that conclusion, the Court stated "[t]his self-same question has previously been addressed by this Court in the areas of race discrimination and sexual harassment. In both of those cases we found that a common-law

*Burk* tort remedy was available to plaintiff as such violations create dichotomous division of members of the same class . . ." *Id.* at 1038. The Court recognized the common-law public policy tort in the areas of race discrimination and sexual harassment because the OADA did not provide a private cause of action. In contrast, "if the Oklahoma Anti-Discrimination Act had afforded the victims of sexual harassment the same remedies as given to handicap-discrimination victims, the *Burk* tort would not be available." *Id.* (*citing Collier v. Insignia Financial Group*, 981 P.2d 321, 326-27 (Okla. 1999)); *cf. Tate v. Browning-Ferris, Inc.*, 833 P.2d 1218, 1229-30 (Okla. 1992).

The OADA "does *not provide a private right of action to a person aggrieved by racially discriminatory practices if the* [Oklahoma Human Rights] *Commission does not resolve the claim to his satisfaction*." *Tate*, 833 P.2d at 1229 (emphasis in original). Title 25 remedies for racial discrimination are not exclusive, so there is "no obstacle to applying *Burk's* common-law tort to a racially motivated wrongful or retaliatory discharge." *Id.* at 1230. In other words, if the OADA afforded the victims of racial discrimination the same remedies as given to handicap–discrimination victims, the *Burk* tort would not be available to Johnson. In sum, Johnson's *Burk* tort claim survives defendant's motion to dismiss and proceeds toward trial, but his OADA claims do not.

**WHEREFORE**, for the reasons set forth above, defendant's Motion to Dismiss [Document No. 7] is hereby granted in part (as to plaintiff's Sixth and Seventh Claims) and denied in part (as to plaintiff's Second, Fourth, and Eighth Claims).

**IT IS SO ORDERED** this 23rd day of June 2009.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

5